| | |
|---|---|
| JOSE G. VELAZQUEZ,<br>CDCR #AZ-1151,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 3:18-cv-00011-CAB-JMA<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOSE G. VELAZQUEZ ("Plaintiff"), while incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 2, 2018. *See* Compl., ECF No. 1.

Plaintiff claims the Superior Court of the County of San Diego violated his Eighth Amendment rights by imposing an "unconstitutional sentence," and by failing to provide him with "all portion[s]" of legal documents related to his criminal trial. *Id.* at 2, 5. Plaintiff further contends that the Warden, a doctor, and a correctional officer at CCI have exposed him to a dirty and unsafe environment, and have failed to properly address his medical,

mental health, and mobility needs at that facility. *Id.* at 2-5. He demands a jury trial, and seeks unspecified injunctive relief, as well as $5 million in damages. *Id.* at 7.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his CCI trust account statements for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

**II.     Conclusion and Order**

For these reasons, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2)     Plaintiff is **GRANTED** forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, **or** (2) filing a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint*

3

3:18-cv-00011-CAB-JMA

pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[2]

(3) The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statement within 45 days*, this action will remained dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: March 1, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and is likely to be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of his fee status. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). Specifically, Plaintiff seeks monetary damages against the San Diego Superior Court, which is not a person subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Nunn v. LeBlanc*, No. C 14-0905 PJH, 2014 WL 1089551, at *4 (N.D. Cal. Mar. 17, 2014) (sua sponte dismissing prisoner's § 1983 claims against Del Norte County Superior Court pursuant to 28 U.S.C. § 1915(e) because "[t]he Superior Court is not a 'person' within the meaning of § 1983; rather, it is an arm of the state and is immune from suit unless the state has expressly waived immunity."), *aff'd sub nom. Nunn v. Le Blanc*, 627 F. App'x 610 (9th Cir. 2015). As for Plaintiff's remaining § 1983 claims against Warden Sullivan, Dr. Olowabi, and Correctional Officer Rachel Medovitch, who are all alleged to be employed at CCI and to reside in Kern County, the Southern District of California is not the proper venue. *See* 28 U.S.C. § 84(b) ("The Southern District comprises the counties of Imperial and San Diego."); 28 U.S.C. 1391(b) ("A civil action may be brought in—(1) a judicial district in which any defendant resides …" [or] "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,….").